**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4518**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MANDY RAE WHITMAN,

Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:08-cr-00367-TLW-4)

Submitted:  February 24, 2010        Decided:  March 17, 2010

Before MICHAEL, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Craig Brown, Florence, South Carolina, for Appellant.   Arthur
Bradley Parham, Assistant United States Attorney, Florence,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mandy Rae Whitman pled guilty pursuant to a plea agreement to conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2006), and was sentenced to 135 months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious issues for appeal. The Anders brief nonetheless highlights the fact that Whitman's sentence was not based on a one-to-one crack to powder cocaine ratio, as had been advocated by defense counsel and the Government at sentencing. Whitman has not filed a pro se supplemental brief despite receiving notice that she may do so, and the Government declined to file a responsive brief. Finding no error, we affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of Whitman's Rule 11 hearing reveals that the district court substantially complied with Rule 11's requirements. Whitman's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to her guilty plea. We therefore find that no plain error occurred and affirm Whitman's conviction.

We also affirm Whitman's sentence. The district court properly assessed Whitman's criminal history as category IV and calculated a total offense level of thirty, yielding a Guidelines range of 135-168 months. Moreover, at sentencing, the district court entertained counsel's argument regarding the weight that should be afforded the 18 U.S.C. § 3553(a) (2006) factors, allowed Whitman an opportunity to allocute, and thoroughly considered the § 3553(a) factors before imposing Whitman's sentence. We find that the district court adequately explained its rationale for imposing Whitman's sentence, the sentence was "selected pursuant to a reasoned process in accordance with law," and the reasons relied upon by the district court are plausible and justify the sentence imposed. See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007); see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (recognizing that the district court must "place on the record an individualized assessment based on the particular facts of the case before it" and that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review").

Moreover, Whitman's challenge to the crack-to-powder cocaine sentencing disparity is without merit. This court has repeatedly rejected claims that the sentencing disparity between

3

powder cocaine and crack offenses violates either equal protection or due process. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). Further, to the extent Whitman seeks to have this court reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005). Accordingly, we affirm Whitman's sentence. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (recognizing that this court applies an appellate presumption of reasonableness to a within-Guidelines sentence).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Whitman, in writing, of the right to petition the Supreme Court of the United States for further review. If Whitman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Whitman. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED